UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13382 -WBV-DMD** |
| **GREGORY ST. ANGELO, ET AL.** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is St. Angelo's Motion to Stay Civil Proceeding.[1] The Motion is opposed,[2] and St. Angelo has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion to Stay is **GRANTED** and this matter is **STAYED** pending resolution of the related criminal proceeding currently pending in another Section of this Court.[4] It is further **ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2019, Continental Casualty Company ("Continental"), filed a Complaint for Rescission, Declaratory Judgment and Reimbursement against Gregory St. Angelo, individually, and the law firm of Gregory St. Angelo, Attorney at Law.[5] Continental alleges that Gregory St. Angelo ("St. Angelo"), recently pled guilty

---

[1] R. Doc. 12.
[2] R. Doc. 14.
[3] R. Doc. 19.
[4] *See United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).
[5] R. Doc. 1.

to one count of conspiracy to commit bank fraud against First NBC Bank between September 2006 and April 2017, in a criminal case that is pending before another Section of this Court, entitled *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.) ("the criminal matter").[6] Continental asserts that St. Angelo stipulated to engaging in the conspiratorial conduct set forth in the Factual Basis that was filed in the criminal matter on June 28, 2019.[7] Continental alleges that in 2016 and each year thereafter, St. Angelo applied for professional liability policies for himself and his law firm while he knew that he was engaged in criminally fraudulent conduct, including: (1) disguising his and his entities' true financial conditions; (2) creating fake tax credit agreements; and (3) submitting false financial statements to First NBC Bank in support of loan applications, which resulted in loans from First NBC Bank totaling approximately $46.7 million and payment of $9.6 million for purported tax credit investments.[8]

Continental further alleges that when St. Angelo submitted a renewal application for professional liability insurance in August 2016, he knew auditors were examining his relationship with First NBC Bank and asking questions about false investments.[9] Continental asserts that St. Angelo failed to inform Continental of the conduct forming the basis of his criminal prosecution, particularly St. Angelo's admissions to the allegations set forth in the Bill of Information and the Factual Basis

---

[6] *Id.* at ¶ 2.
[7] *See* R. Doc. 28 in *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).
[8] R. Doc. 1 at ¶ 5.
[9] *Id.* at ¶ 6.

that were filed in the criminal matter.[10] In this civil case, Continental seeks three forms of relief: (1) rescission of the lawyers professional liability insurance and a judgment declaring the policies null and void *ab initio* based on material representations and intent to deceive; (2) a declaratory judgment of no insurance coverage for St. Angelo's claims against Continental based on exclusionary language in the policies, including those related to the criminal matter; and (3) the reimbursement of funds paid to St. Angelo for attorney's fees and related expenses.[11]

On December 13, 2019, St. Angelo filed the instant Motion to Stay Civil Proceeding, seeking a stay of this case in its entirety pending resolution of the criminal case currently pending against him in this Court.[12] In support of his Motion, St. Angelo submitted a copy of the Bill of Information filed in his criminal case, as well as plea agreement dated June 28, 2019.[13] St. Angelo asserts that courts in this Circuit consider the following six factors in determining whether to grant a stay in a civil action: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[14] St. Angelo argues that all of the factors weigh strongly in

---

[10] *See* R. Docs. 1, 28 in *United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).
[11] R. Doc. 1 at ¶¶ 67-86.
[12] R. Doc. 12.
[13] R. Docs. 12-2 & 12-3.
[14] R. Doc. 12-1 at p. 5 (quoting *Doe v. Morris*, Civ. A. No. 11-1532, Civ. A. No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012)).

favor of stay in this case, primarily because there is a substantial overlap of issues between the civil and criminal matters. St. Angelo points out that the facts alleged in Continental's Complaint are based squarely upon the facts contained in the Factual Basis and the Bill of Information that were filed in the criminal matter. St. Angelo argues that any testimony or responsive pleadings that he may be required to provide in this case could be used against him at his sentencing or potentially in another criminal matter.[15] Finally, St. Angelo also points out that this Court recently stayed two other civil cases involving him and First NBC Bank pending resolution of his criminal case.[16]

Continental opposes the Motion, asserting that a stay is not warranted in this case because St. Angelo has already pled guilty, admitted to the truth of the facts set forth in the Factual Basis supporting his conviction and, as of the date of the Opposition brief, was scheduled to be sentenced on January 9, 2020.[17] Because St. Angelo's Answer is not due until January 21, 2020, Continental argues that St. Angelo will not be compelled to make any "statement" in this civil litigation that could be used against him in his criminal case.[18] Continental claims that although St. Angelo's counsel told Continental's counsel that he expected the United States Attorney to file a motion to continue the sentencing hearing, no such motion had been filed as of the date of its Opposition brief. Continental argues that there is no

---

[15] R. Doc. 12-1 at pp. 8-10.
[16] *Id.* at p. 13 (citing *Official Committee of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan*, Civ. A. No. 19-10341 (E.D. La.); *Academy Place, LLC v. Ashton Ryan, Jr.*, Civ. A. No. 18-10881 (E.D. La.)).
[17] R. Doc. 14.
[18] *Id.* at p. 2.

substantial overlap between the criminal and civil proceedings, nor is there any overlap of factual issues to be determined, because St. Angelo has already stipulated and agreed that the facts set forth in the Factual Basis are true and correct.[19] Continental points out that the plea agreement between St. Angelo and the Government does not mention any continuing cooperation by St. Angelo in the investigation of First NBC Bank.[20] Continental maintains that a stay is an extraordinary remedy, and that St. Angelo cannot make the strong showing required to warrant a stay in this case.[21]

In response, St. Angelo asserts that since the filing of Continental's Opposition brief, his sentencing has been continued until April 2, 2020.[22] St. Angelo submitted a copy of the Notice of Sentencing on April 2, 2010 at 9:30 a.m., issued by United States District Judge Carl J. Barbier on December 28, 2019.[23]

## II. LEGAL STANDARD

Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private

---

[19] *Id.* at p. 8.
[20] *Id.*
[21] *Id.* at pp. 4-5.
[22] R. Doc. 19.
[23] R. Doc. 19-1.

interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[24] "It is well recognized that a district court 'may stay a civil proceeding during the pendency of a parallel criminal proceeding.'"[25] Further, "a district court may sometimes stay a civil action 'until the criminal case or the likelihood of a criminal case is ended.'"[26] The burden rests on the movant to show that special circumstances exist that warrant a stay.[27]

III. ANALYSIS

With respect to the first factor, it is clear from the face of the Complaint that there is a substantial overlap between the issues in the instant case and those in St. Angelo's criminal proceeding. The Complaint quotes *extensively* from the Factual Basis in an attempt to demonstrate that St. Angelo deceived Continental into issuing the lawyers liability policies when St. Angelo knew his actions were under investigation for bank fraud and likely to result in a claim.[28] Accordingly, the Court finds that there is a significant overlap between the facts of this case and those in St.

---

[24] *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (citing *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S. D. Tex. 2009); *Lebouef v. Global X-Ray and Testing Corp.*, Civ. A. No. 07-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008)); *Dolan v. Parish of St. Tammany*, Civ. A. No. 12-2911, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).
[25] *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)).
[26] *Tajonera,* Civ. A. Nos. 13–0366 c/w 13–0550, 13–5137, 13–2496, 13–5508, 13–6022, 13–6099, 13–6413, 14–374, 2015 WL 893447, at *8 (quoting *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007)).
[27] *See Sec. & Exch. Comm'n v. First Financial Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.") (citations omitted).
[28] R. Doc. 1 at ¶¶ 4, 36-49.

Angelo's criminal proceeding. The first factor, therefore, weighs in favor of issuing a stay in this case.

The second factor, the status of the criminal case and whether the defendant has been indicted, also weighs in favor of granting a stay. The evidence submitted in support of the instant Motion shows that St. Angelo has been formally charged with, and has pled guilty to, conspiracy to commit bank fraud against First NBC bank between 2006 and April 2017, and that he is scheduled to be sentenced on April 2, 2020.[29] The Court has already found that there is a significant overlap between the issues in this civil case and St. Angelo's criminal proceeding. The Court further finds that St. Angelo has a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the strongest case for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter,"[30] the Court finds that the second factor weighs in favor of issuing a stay in this case.

The third factor, the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case, also weighs in favor of granting a stay. The Court appreciates that Continental has a significant interest in proceeding expeditiously against St. Angelo and having its claims heard. Nonetheless, granting a stay of this case will not deny Continental a possible recovery. The Court finds that a stay will merely delay that possible result.

---

[29] *See* R. Docs. 12-2, 12-3 and 19-1.
[30] *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 401 (S. D. Tex. 2009) (citing *Lizarraga v. City of Nogales Ariz.*, Civ. A. No. 06-474-TUC-DCB, 2007 WL 215616, at *3 (D. Ariz. Jan. 24, 2007)).

The Court also recognizes that criminal defendants, like St. Angelo, are entitled by law to a speedy trial.[31] Thus, if the underlying criminal investigation results in further indictments, the Court anticipates that the matters will be resolved expeditiously. The Court, therefore, finds that the third factor weighs in favor of issuing a stay of this case.

The Court further finds that the fourth factor, the private interests of and burden on the defendant in granting a stay, weighs significantly in favor of granting a stay. St. Angelo has been charged with, and has pled guilty to, the crime of conspiracy to commit bank fraud between 2006 and April 2017. Many of the facts alleged in Continental's Complaint are based on the facts underlying St. Angelo's criminal conviction.[32] As previously mentioned, the Court finds it likely that St. Angelo may be faced with civil discovery requests that will trigger a claim of his Fifth Amendment privilege, thus hampering and/or preventing the resolution of this case. Accordingly, the Court finds that the fourth factor weighs in favor of issuing a stay of this case.

The fifth factor, the Court's interest in ensuring that justice is done in an efficient and expeditious manner, also weighs in favor of granting a stay. Undoubtedly, issuing a stay in this matter will delay the case. This factor, standing alone, weighs against the granting of St. Angelo's Motion to Stay. The Court, however, also has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional rights of the litigants. As detailed

---

[31] *See* 18 U.S.C. §§ 3161-3174.
[32] *See* R. Doc. 1 at ¶¶ 4, 36-49.

above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding, may only cause further delay. There exists a real likelihood that discovery will be contentious, with St. Angelo invoking his Fifth Amendment privilege. Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

Finally, the sixth factor, the public interest, also weighs in favor of granting a stay. The public has a strong interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. Several former bank officers and employees, including St. Angelo, have been indicted with and have pled guilty to crimes that may have caused or contributed to the bank's collapse. While the public has an interest in seeing the resolution of civil matters related to the bank's collapse, it is the Court's considered opinion that the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for their actions.

Based on the foregoing analysis, the Court finds that all six factors weigh in favor of granting a stay of this matter pending the resolution of St. Angelo's related criminal proceeding. Taking into consideration the seriousness of granting a stay, and having considered the parties' memoranda and the law, including a detailed

analysis of the six factors considered by courts in this Circuit in determining whether to grant a stay,[33] the Court believes that a stay is warranted in this case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that St. Angelo's Motion to Stay Civil Proceeding[34] is **GRANTED**, and this action is **STAYED** in its entirety until the criminal proceedings against St. Angelo are complete,[35] subject to the following condition: within thirty (30) days of the date that the criminal proceedings have concluded, Continental Casualty Company shall file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit.

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

New Orleans, Louisiana, January 27, 2020.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[33] *See Alcala v. Texas Webb Cty*, 625 Supp. 2d 391, 398-99 (S.D. Tex. 2009) (collecting cases).
[34] R. Doc. 12.
[35] *See United States of America v. Gregory St. Angelo*, Crim. A. No. 19-55-CJB-JCW (E.D. La.).